**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50119 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-02629-LAB |
| v. | |
| HECTOR FRANCISCO VIZCAINO-MORENO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Hector Francisco Vizcaino-Moreno appeals from the 57-month sentence

imposed following his guilty-plea conviction for importation of cocaine, in

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

violation of 21 U.S.C. §§ 952 and 960, and aiding and abetting, in violation of 18 U.S.C. § 2. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Vizcaino-Moreno contends that the district court erred at sentencing by: 1) refusing to consider granting a minor role adjustment under the Sentencing Guidelines; 2) improperly comparing Vizcaino-Moreno's conduct to that of a hypothetical average participant in a drug offense scheme; and 3) unduly deferring to the "substantially less culpable" standard of the advisory Guidelines. The record reflects that the district court considered whether to grant a minor role adjustment and properly applied the applicable standard. *See United States v. Cantrell*, 433 F.3d 1269, 1282-83 (9th Cir. 2006); *see also United States v. Rojas-Millan*, 234 F.3d 464, 473-74 (9th Cir. 2000).

Vizcaino-Moreno also contends that the district court relied on clearly erroneous facts when it denied the adjustment. This contention fails because the record reflects that the district court did not rely on any facts unsupported by the record. *See Cantrell*, 433 F.3d at 1284 ("So long as the district court's view of the evidence is plausible in light of the record viewed in its entirety, it cannot be clearly erroneous.")(internal quotations omitted).

Finally, Vizcaino-Moreno contends that the sentence is substantively unreasonable in light of his minimal involvement in the offense and the factors

under 18 U.S.C. § 3553(a). In light of the totality of the circumstances, the below-Guidelines sentence is substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**